```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


KENNETH R. JUNIOUS, JR.,

                Plaintiff,

       v.                          CASE NO.  12-3190-SAC

WICHITA POLICE DEPARTMENT,
et al.,

                Defendants.
```

### O R D E R

This action was initiated with a pro se "1983 civil complaint" claiming cruel and unusual punishment filed by an inmate of the Sedgwick County Adult Detention Center, Wichita, Kansas. The initial complaint was deficient in several respects, including that it was not upon court-approved forms. Plaintiff then submitted his complaint upon forms, which was docketed as his Amended Complaint. The Amended Complaint completely supersedes the original pleading, which is no longer before the court.

### FILING FEE

The fee for filing a civil rights complaint is $350.00. Plaintiff has filed an Application to Proceed without Prepayment of Fees. He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve

1

him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account during the relevant time period was $91.16, and the average monthly balance was $ 93.19. The court therefore assesses an initial partial filing fee of $18.50, twenty percent of the average monthly balance, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Junious is an inmate seeking relief from a

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

government official, the court is required to screen his complaint and dismiss any portion that fails to state a claim.  As factual support for his complaint, Mr. Junious alleges as follows.  On September 12, 2010, in Wichita, he was "involved in an evade and elude" with police officers when he came to a dead end, hopped out of a vehicle, and ran away from the officers with a handgun in his hand.  Upon defendant Officer Little "gaining grounds upon" him, he "threw the weapon in."  Defendant Little hopped out of the patrol car, saw plaintiff running away, and fired 4 times striking plaintiff in his upper and lower back and his back thigh.

As Count I, plaintiff claims that defendant Little committed "police brutality by using excessive force."  As the factual basis for this count, he repeats the foregoing allegations.  He also alleges that on December 8, 2010, a hearing was held in Sedgwick County District Court at which defendant Little testified that he never gave plaintiff a verbal command to stop running, never saw a gun in plaintiff's hand, and he shot 4 times and struck plaintiff 3 times from the back.  He also testified that as part of his training he was "not authorized to shoot anyone who has a gun," who is running away, or in the back.  Plaintiff further alleges that defendant Little admitted the same matters in an interview with a KBI agent and a detective and at a preliminary hearing.  Plaintiff also alleges that he has not "had any follow up with the doctor who did (his)

surgery" because Sedgwick County does not care.[2]

Plaintiff claims that as a result of defendant's actions, he suffers from broken ribs, severe back pains, breathing problems, nerve damage in his thigh, mental breakdowns of bi-polar depression," and cannot stand for long periods.  He asks for "life time disability income" and $500,000 for pain and suffering and lost wages.

Plaintiff named the Wichita Police Department (WPD) as a defendant in his initial pleading.  The WPD is not named as a defendant in his Amended Complaint.  Plaintiff does not describe any policy of the WPD and allege that it caused the injuries of which he complains.  In fact, he alleges that defendant Little acted contrary to his training.  For these reasons, this action is dismissed as against the WPD.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 18.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

---

[2] Plaintiff alleges no facts indicating that defendant Little is the person that failed or refused to provide him with a follow-up appointment with his surgeon.  It follows that he may not recover from Little, the only defendant named in his Amended Complaint, based upon this alleged denial.  Nor does plaintiff seek any relief herein based upon this allegation.  In order to seek relief on a claim of denial of medical treatment, a plaintiff must sue the person or persons that actually refused to provide him with necessary medical care.  However, an inmate has no federal constitutional right to treatment by a particular doctor. For these reasons, the court does not consider this allegation further in this action.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against the Wichita Police Department.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2012, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>